*BROWN & AL.* vs. *REVES & AL.*

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiffs claim the amount of two promissory notes, with interest, given for the price of a tract of land, purchased by the defendant Reves, and by him sold to his co-defendants ; and pray that on the failure of Reves to pay, the premises in the hands of the latter may be sold, under the mortgage in the deed of sale.

A buyer, while in the peaceable and undisturbed possession of the thing sold, cannot, by law, withhold the price, simply on a plea of want of title in the vendor The rights of a buyer who purchased under the old code, to suspend payment when he dreads eviction, are not governed by the provisions of the new code

The claim was resisted, on the ground of the absence of any title to the premises in the vendors, at the time of the sale of same. There was a claim, by way of intervention for damages, and the value of improvements.

The district court, after a verdict for the plaintiffs, gave judgment against Reves for the amount of the notes, and interest at five per cent. ; and that the premises may be sold.

From this judgment, the defendant, Reves appealed.

It is clear the court did not err—the defendants made no legal defence. The sale took place before the promulgation of the new code, and the law was decided by this court,

Western Dis.
October, 1828.

Brown & al
vs,
Reves & al,
7 *Martin* 223, *vol.* 6, 523. The vendee could not refuse the claim of the vendor for the price, on the ground that he had not a title to the premises, and therefore the vendee did not acquire any—unless the latter was actually disturbed by a suit.

There is, however, a bill of exceptions to the charge of the court, who instructed the jury that

1. A buyer, while in the peaceable and undisturbed possession of the thing sold, cannot, by law, withhold the price, simply on a plea of want of title in the vendor.

2. In a suit for the price, the vendor is not bound to shew a complete chain of conveyances to him, and a better title in himself than in the whole record.

3. If the jury were of opinion, from the evidence, that the plaintiff had fraudulently sold the property of another, and the consideration of the sale had entirely failed, they might find for the defendants.

4. The vendee having accepted a conveyance of the vendor, with a warranty, could not require security, unless a suit was instituted against the former.

The first, second, and last of these proposi- tions, are in perfect accordance with the decisions of this tribunal. *See the cases already cited.*

The third might have, perhaps, been objected to by the plaintiffs, as irrelevant, there being no allegation of fraud. Certainly it was more favourable than injurious to the defendants. But their counsel urges it was of the latter cast, being an affirmative pregnant with the negative that, unless there was fraud, the jury could not find for the defendants. Admit this, the negative proposition would be in accordance with the three of which we have expressed our approbation.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Scott* and *Patterson* for the plaintiffs— *Thomas* for the defendants.